**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01603-VAP (DTBx)                    Date:  September 13, 2013

Title:   KERI E. SHIREY -v- WELLS FARGO BANK, N.A., A BUSINESS ENTITY FORM UNKNOWN, AND DOES 1-100, INCLUSIVE
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                                           None Present
    Courtroom Deputy                                                   Court Reporter

ATTORNEYS PRESENT FOR                               ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                         DEFENDANTS:

    None                                                                         None

PROCEEDINGS:           ORDER TO SHOW CAUSE RE: SUBJECT MATTER
                                  JURISDICTION  (IN CHAMBERS)


      On August 7, 2013, Plaintiff Keri E. Shirey ("Plaintiff") filed this action in the California Superior Court, County of Riverside.  The complaint alleges only state law claims.  (<u>See generally</u> Not. of Removal, Ex. A ("Complaint").)  On September 6, 2013, Defendant Wells Fargo Bank, N.A. ("Defendant") removed the action to this Court.  (Doc. No. 1.)  On September 12, 2013, Defendant filed a Motion to Dismiss this action and a Motion to Strike Portions of the Complaint, and set both motions for hearing on October 21, 2013.  (Doc. Nos. 6, 7.)

      Defendant asserts in the Notice of Removal that the Court has subject matter jurisdiction based on diversity of citizenship.  (<u>See</u> Not. of Removal at 2-10.)  Relying on <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303 (2006), Defendant asserts that as a

MINUTES FORM 11                                                     Initials of Deputy Clerk __md_____
CIVIL -- GEN                                                  Page 1

EDCV 13-01603-VAP (DTBx)
KERI E. SHIREY v. WELLS FARGO BANK, N.A., A BUSINESS ENTITY FORM UNKNOWN, AND DOES 1-100, INCLUSIVE
MINUTE ORDER of September 13, 2013

national banking association it is solely a citizen of the state in which its "main office" is located.  (Id. at 3-4.)  Defendant also asserts that the "principal place of business" test for determining citizenship of corporations should not be used here because 28 U.S.C. § 1348 makes no explicit reference to principal place of business.  (Id. at 3-8.)  Thus, Defendant maintains that it is solely a citizen of South Dakota because its articles of association designate its "main office" in Sioux Falls, South Dakota.  (Id. at 3-4, Ex. C.)  Schmidt, however, expressly declined to hold that a national banking association's citizenship is limited to the state in which its main office is located as set forth in its articles of association.  See Schmidt, 546 U.S. at 315 n.8.

The Ninth Circuit has not yet ruled on whether a national banking association is also a citizen of the state of its principal place of business.  Federal courts appear to be split on the issue.  Compare Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir. 2004) (holding that a national bank's citizenship "is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association"), Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001) ("[A] national bank is 'located' for purposes of 28 U.S.C. § 1348 in the state where the bank's principal place of business is found and the state listed on its organization certificate."), Olson v. Wells Fargo Bank, N.A., No. CV 13-2906-GHK (AGRx), 2013 WL 4407495, at *12 (C.D. Cal. Aug. 1, 2013) ("[F]or purposes of § 1348 a national bank is also located in the state of its principal place of business."), and Rouse v. Wachovia Mortg., FSB, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206, *8 (C.D. Cal. Jan. 13, 2012) ("This Court holds that national banking associations are citizens of the state where they have their principal place of business as well as the state where they have their main office as designated by their articles of association."), with Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 709 (8th Cir. 2011) ("[A] national bank is a citizen only of the state in which its main office is located."), and DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010) (declining to apply a principal place of business test to Wells Fargo Bank).

Here, Plaintiff is a California citizen.  (Complaint at 1-3; Not. of Removal at 2-3.)  Defendant's principal place of business appears to be in California.  See, e.g., Olson, 2013 WL 4407495, at *1 ("Wells Fargo's principal place of business is in San Francisco, California." (citing cases)); Rouse, 2012 WL 174206, at *3 ("Wells Fargo's

EDCV 13-01603-VAP (DTBx)
KERI E. SHIREY v. WELLS FARGO BANK, N.A., A BUSINESS ENTITY FORM UNKNOWN, AND DOES 1-100, INCLUSIVE
MINUTE ORDER of September 13, 2013

principal place of business is in San Francisco, California." (citing cases)).

Accordingly, the Court ORDERS Defendant to show cause why this action should not be remanded for lack of diversity jurisdiction. Defendant shall file a response, in writing, no later than September 25, 2013. If Defendant contends that its principal place of business is in a state other than California, it should present evidence to that effect and explain why judicial estoppel does not preclude such a contention. If Plaintiff also wishes to respond, she shall file a response, in writing, no later than September 25, 2013.

**IT IS SO ORDERED.**